IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-11-BO

| | |
|---|---|
| ALLIE SWEELEY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>FIRST UNITED METHODIST CHURCH, )<br>INC., and NEIL B. WHITFORD, )<br>REGISTERED AGENT, )<br>)<br>Defendant. )<br>_____ ) | O R D E R |

This matter is before the Court on Defendant's three Motions to Dismiss pursuant to FED. R. CIV. P. 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) and Local Rule 7.1(e). Defendant argues that it was improperly served, resulting in claims of lack of jurisdiction over the person, insufficiency of process, insufficient service of process, and failure to state a claim upon which relief can be granted. Plaintiff argues that Defendant was properly served. For the reasons stated below, Defendant's Motions to Dismiss are DENIED.

I. SUMMARY OF THE INSTANT DISPUTE

On May 30, 2007, Plaintiff, a white female, filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleged that she had been discriminated and retaliated against based on her race by her black female co-workers and superior from November 2006 to June 2007 and when she was forced to resign from her position as an assistant teacher with the Early Learning Center. The EEOC issued a Right to Sue letter on

October 26, 2007.

On January 22, 2007, Plaintiff filed a Complaint under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000(e) *et seq*. ("Title VII"), against First United Methodist Church, Morehead City, North Carolina ("First United"). First United was served on January 28, 2008. Plaintiff waited to file the civil summons and complaint with the court until February 8, 2008, because Plaintiff suspected that First United had incorporated. On February 14, 2008, First United filed a Motion for Extension of Time to file responsive pleadings. This motion was granted on February 21, 2008, allowing First United to file responsive pleadings by March 18, 2008.

On February 25, 2008, Plaintiff confirmed that First United had incorporated on December 31, 2007, during the pendency of the EEOC investigation. On March 13, 2008, Plaintiff filed an Amended Complaint and Summons with the Court, which was entered by the Clerk's Office on March 14, 2008 at 2:35 p.m. The Amended Summons was issued on the Registered Agent for First United Methodist Church, Incorporated ("Defendant"), Attorney Neil B. Whitford ("registered agent") on March 14, 2008 at 2:37 p.m. Defendant filed its first Motion to Dismiss on March 14, 2008 at 5:07 p.m.

On March 17, 2008, the unsigned amended complaint and amended summons were served on Defendant's registered agent via certified mail. On March 14, 2008, Plaintiff mailed the Clerk's sealed amended civil summons under separate letter to Defendant's registered agent. On May 6, 2008, Defendant, filed its second Motion to Dismiss.

On May 23, 2008, Plaintiff re-mailed a copy of the Clerk's sealed civil summons and Plaintiff's amended complaint to Defendant's registered agent via certified mail to the address

-2-

Case 7:08-cv-00011-BO   Document 27   Filed 11/17/08   Page 2 of 5

listed for the registered agent per the North Carolina Department of the Secretary of State. On May 30, 2008, the letter was returned as "NSN" (no such number). Plaintiff resent the same certified mail letter containing the original and amended summons and complaint to the registered agent at P.O. Drawer 1347, Morehead City, NC. The information was received by Defendant on June 2, 2008. Defendant filed its third Motion to Dismiss on June 20, 2008. These motions are now before the Court.

II. DISCUSSION

Defendant's first two Motions to Dismiss were prematurely filed and are thus DENIED and Defendant's third Motion to Dismiss is DENIED because Plaintiff showed good cause. Each of Defendant's motions to dismiss arise out of the fact that Defendant claims it was improperly served by Plaintiff.

Defendant's first two Motions to Dismiss were prematurely filed and are thus DENIED. Plaintiff had 120 days from the filing of the Complaint to serve Defendant with a summons.[1] Plaintiff's Complaint was filed on January 22, 2008, which gave her until May 21, 2008, to file the summons. Defendant filed its first Motion to Dismiss on March 14, 2008, alleging that Plaintiff's case should be dismissed due to various claims arising out of insufficient service of the summons. Defendant filed its second Motion to Dismiss on May 6, 2008, again alleging that Plaintiff's case should be dismissed due to various claims arising out of insufficient service of the summons. Both of these motions were filed prematurely because Plaintiff's time to serve the summons had not yet expired. Accordingly, Defendant's first two motions to dismiss are

---

[1] FED. R. CIV. P. 4(c) and (m).

-3-

DENIED.

Defendant's third Motion to Dismiss is DENIED because Plaintiff has shown good cause for the failure to provide the summons to Defendant within 120 days. "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[2] However, the court must "allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and [the rule] authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is **no** good cause shown*."[3]

Plaintiff served Defendant more than 120 days after the complaint was filed. However, Plaintiff has shown good cause for the late service. Plaintiff, who had been dealing with Defendant before it became incorporated in December 2007 via the EEOC, found out in January 2008 and confirmed in February 2008 that Defendant had been incorporated, which necessitated the filing of an Amended Complaint so Plaintiff could name the appropriate Defendant.

Plaintiff filed the Amended Complaint promptly on March 13, 2008. On March 14, 2008, before the Clerk's office had returned the signed and sealed copy of the summons, Plaintiff sent

---

[2] FED. R. CIV. P. 4(m).

[3] Advisory Committee Notes on FED. R. CIV. P. 4 (emphasis added); *see Henderson v. United States*, 517 U.S. 654, 662 (1996) (stating that "discretion to enlarge the 120-day period for service, even if there is no good cause shown") (quoting Advisory Committee Notes on FED. R. CIV. P. 4); *see also DiPaulo v. Potter*, 570 F.Supp.2d 802, 805 (M.D.N.C. 2008).
Note that there was some doubt about whether good cause was necessary because the Fourth Circuit held in *Mendez v. Elliot*, 45 F.3d 75, 80 (4th Cir. 1995), that a showing of good cause was necessary. However, *Mendez* was decided when the prior version of the rule, Rule 4(j), which clearly required a showing of good cause, was in effect.

the Amended Complaint and unsigned Summons to Defendant to give Defendant notice of the change. Plaintiff then sent the signed and sealed Summons to Defendant on three separate occasions: (1) on March 14, 2008, in a letter; (2) on May 23, 2008, to Defendant's registered agent via certified mail to the address listed for the registered agent per the North Carolina Department of the Secretary of State; and (3) on May 30, 2008, to a the registered agent at a different address.

Thus, because Plaintiff has shown good cause for not serving the summons on Defendant within 120 days, Defendant's motions to dismiss are DENIED.

SO ORDERED, this __16__ day of November 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE